129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ignacio Ebelio CASTRO-GONZALEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70117.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals. AFFIRMED.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Itnacio Ebelio Castro-Gonzalez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from the immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We deny the petition for review.
 
 
 3
 Castro-Gonzalez contends that the BIA's adverse credibility finding is not supported by substantial evidence. See de Leon-Barrio, v. INS, 116 F.3d 391, 393 (9th Cir.1997) (stating that we review the BIA's credibility finding for substantial evidence). We disagree.
 
 
 4
 In his initial application, Castro-Gonzalez stated that he was seeking asylum based on persecution by Guatemalan guerrillas on acccont of his membership in the Guatemalan military intelligence unit. In his second application and in his testimony before the immigration judge, Castro-Gonzalez stated that he was seeking asylum based primarily on persecution by the Guatemalan military intelligence unit on account of his status as a "traitor" to the unit. Although minor discrepancies and minor omissions relating to unimportant facts will not support an adverse credibility finding, see id., the discrepancies between Castro-Gonzalez's first and second applications are not minor. Instead, the discrepancies relate to the basis for his alleged fear of persecution. See id. at 393-94. The discrepancies " 'involved the heart of the asylum claim' and support the negative credibility finding." Id. at 394 (quoting Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990)).
 
 
 5
 Castro-Gonzalez contends that the BIA erred by considering the asylum officer's interview notes in assessing Castro-Gonzalez's credibility because the interview notes did not represent a meaningful, clear and reliable summary of the case Castro-Gonzalez presented at his asylum interview. We disagree.
 
 
 6
 First, it is relatively clear from the interview notes what transpired at the asylum interview. Second, the BIA's adverse credibility finding was based primarily on the inconsistencies between Castro-Gonzalez's first and second asylum applications, and the interview notes confirm that Castro-Gonzalez's first asylum application was based solely on alleged persecution by guerrillas.
 
 
 7
 Castro-Gonzalez's remaining contentions are wholly without merit. The BIA did not err by admitting into evidence Castro-Gonzalez's first asylum application because Castro-Gonzalez signed the application and declared that it was true and correct to the best of his knowledge and belief. Castro-Gonzalez failed to provide any support for his assertion that the BIA disregarded corroborating documentary evidence.
 
 
 8
 Because Castro-Gonzalez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See id.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S C. § 1105a